UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nicholas J. Kinstle,                       Case No. 3:13-cv-1246

         Plaintiff

         v.                                    ORDER

County of Allen, et al.,

         Defendants

         This action was dismissed on December 4, 2013 under 28 U.S.C. § 1915(g), on the ground that the plaintiff Nicholas J. Kinstle, an inmate at the Marion Correctional Institution, had filed at least three previous federal court prisoner lawsuits which were dismissed for failure to state a claim. *See Butler v. U.S.*, 53 Fed.Appx. 748, 749 (6th Cir. 2002). The dismissal in the instant case was without prejudice.

         On August 11, 2014, plaintiff paid the filing fee. He then filed a Motion to Reopen (Doc. 12). That Motion is granted, and this case is reinstated.

         Now before the court is the original Complaint (Doc. No. 1), and a Supplement (Doc. No. 15), naming the following defendants: County of Allen, County of Allen Board of Commissioners, Greg Sneary, Cory Noonan, Jay Begg, Samuel Bassitt, W. Dan Reiff, Allen County Sheriff Office, Samuel Crish, Allen County Common Pleas Court, Juergen A. Waldick, Anthony J. Miller, Jerry Maus, Cindy Maus, Phillip Stouffer, and John and Jane Does. It is unclear from these documents what Plaintiff is trying to allege, as they contain primarily legal definitions and propositions. He appears, however, to be challenging a judgment of foreclosure, as well as convictions which have resulted in his current incarceration.

         A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the

court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000). Moreover, a complaint may be summarily dismissed when it does not set forth an arguably plausible claim.  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) .

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Beaudette*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even liberally construed, the Complaint and Supplement do not contain allegations reasonably suggesting plaintiff might have a valid federal claim.  *See*, *e.g.*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief)

Accordingly, this action is reinstated and dismissed.  I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 S/James G. Carr  
JAMES G. CARR  
SR. UNITED STATES DISTRICT JUDGE